IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVARISTO SANTAMARIA, #Y35813,  Plaintiff, v. WEXFORD HEALTH SOURCES, INC., WARDEN WILLIS, ROB JEFFREYS, DR. SIDDIQUI, ANGELA CRAIN, DR. CALDWELL, JOHN DOE, C/O LAWSON, and YVETTE BAKER,  Defendants. | Case No. 21-cv-01539-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Evaristo Santamaria, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## COMPLAINT

Santamaria alleges the following: Because of deteriorating prison conditions at Menard, on July 30, 2020, Santamaria's bunk bed collapsed while he was on the top bunk and his cellmate was laying in the bottom bunk. (Doc. 1). When the bunk broke, Santamaria was ejected to the concrete floor. He sustained injuries to his right knee and shoulder. Santamaria and his cellmate

called for a med tech or a nurse to come to the cell. Sergeant John Doe and Officer Lawson arrived and ignored the requests for medical assistance. John Doe and Lawson placed Santamaria and his cellmate in handcuffs and treated them as if they had done something wrong.

Santamaria continued to request medical help for his injuries, but he was denied medical care. He states that Wexford deliberately understaffs the healthcare unit resulting in the denial of care and treatment for his medical needs. Santamaria continues to suffer from pain.

## PRELIMINARY DISMISSALS

Santamaria lists Dr. Caldwell and Yvette Baker as defendants but does not assert any allegations against them in the body of the Complaint. Thus, the Court is unable to ascertain what claims, if any, Santamaria has against these Defendants, and they are dismissed without prejudice. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

## DISCUSSION

Based on the allegations in the Complaint, the Court designates the following counts:

**Count 1:**   Eighth Amendment claim against Willis, Jeffreys, Siddiqui, and Crain for housing Santamaria in unconstitutional conditions of confinement.

**Count 2:**   Eighth Amendment deliberate indifference claim against John Doe and Lawson for denying Santamaria medical care.

**Count 3:**   Eighth Amendment deliberate indifference claim against Wexford for maintaining policies that resulted in Santamaria being denied medical care for his knee and shoulder injuries.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[1] pleading standard.**

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (7th Cir. 2007).

**Count 1**

Santamaria claims that Menard is overcrowded, dilapidated, and deteriorating. The walls are cracked and covered with holes, and there is also no ventilation system. Because of these poor conditions, the chain securing the bunk bed in his cell broke causing him injuries. Santamaria alleges that Warden Willis, Director Jeffreys, Dr. Siddiqui, and Nurse Supervisor Crain are supposed to collaborate together and make a regular scheduled inspection of the cell houses. A report is to be written each month about the cell conditions.

The Eighth Amendment's protection against cruel and unusual punishment extends to conditions of confinement that pose a substantial risk of serious harm to a prisoner's health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz,* 680 F.3d 984 (7th Cir. 2012). Prison officials "violate the Eighth Amendment if they are deliberately indifferent adverse conditions that deny 'the minimal civilized measure of life's necessities[.]'" *Budd v. Motley,* 711 F.3d 840, 842 (7th Cir. 2013) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)). To establish a constitutional violation, a plaintiff must prove: (1) that his living conditions were sufficiently serious; and (2) that defendant acted with deliberate indifference. *Farmer,* 511 U.S. at 834.

Santamaria has failed to state a deliberate indifference claim against Defendants Willis, Jeffreys, Siddiqui, and Crain. Although he describes a number of conditions he faced at Menard, including his broken bunk, he fails to allege that Defendants were aware of the particular condition in his cell. Santamaria must allege that they had knowledge of the conditions and disregarded them. *Qian v. Kautz,* 168 F.3d 949, 955 (7th Cir. 1999) (The relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known."). Further, he fails to allege that he informed any Defendant about the specific conditions that he faced. Accordingly, Count 1 is dismissed without prejudice.

**Count 2**

At this stage, Santamaria has sufficiently stated a claim against John Doe and Lawrence

for denying him medical treatment after he was injured when his bunk bed collapsed. *See Bentz v. Ghosh,* 718 F. App'x 413, 419 (7th Cir. 2017) (citing *Gomez v. Randle,* 680 F.3d 859, 865-66 (7th Cir. 2012)).

**Count 3**

Count 3 will proceed against Wexford to the extent Santamaria is claiming that a policy of understaffing the healthcare unit has resulted in the denial of treatment for his injuries. *See Woodward v. Corr. Med. Serv. of Ill., Inc.,* 368 F.3d 917, 927 (7th Cir. 2004).

The Court dismisses Count 3 to the extent Santamaria claims that medical providers only prescribe over the counter medication to treat pain pursuant to a Wexford policy, even when the medicine is not helping with pain management. Santamaria does not include any factual allegations regarding how this policy has resulted in constitutionally inadequate care being provided to him personally. Therefore, claims regarding a Wexford pain medication policy are dismissed without prejudice.

### MOTION FOR APPOINTMENT OF COUNSEL

Santamaria has filed a motion for recruitment of counsel (Doc. 6). As a litigant in a civil case, Santamaria has no right to counsel. *Pruitt v. Mote,* 503 F.3d 647, 649 (7th Cir. 2007). However, a District Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915 (e)(1) (emphasis added). Santamaria has not submitted any documentation to demonstrate to the Court that he is indigent. As he has paid the filing fee in full and is not proceeding *in forma pauperis* in this case, the Court has no basis for concluding that he is unable to afford counsel as is required by Section 1915(e). Thus, motion is denied without prejudice.

Santamaria may refile his motion but he should provide the Court an affidavit of financial status and supporting documentation such as a copy of his prisoner trust fund account. *See* Amendments to the Local Rules 83.9(a). To assist him in complying with this Order, the Clerk of

Court will be directed to mail Santamaria a blank motion for recruitment of counsel form.

### DISPOSITION

For the reasons provided above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** is **DISMISSED without prejudice. COUNT 2** will proceed against John Doe and Lawson. **COUNT 3** is **DISMISSED in part without prejudice** and will proceed in part against Wexford regarding Wexford's policy of understaffing the healthcare unit. Because there are no surviving claims against Jeffreys, Siddiqui, Crain, Caldwell, and Baker, these Defendants are **DISMISSED without prejudice**. There are also no surviving claims against Warden Willis. However, in order to help identify the John Doe Defendant, Warden Willis will remain in the case (in his official capacity only) to respond to discovery aimed at identifying the unknown defendant.

Because Santamaria's claims involve his medical care, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Motion for Appointment of Counsel (Doc. 6) is **DENIED.**

The Clerk of Court shall prepare for Defendants Lawson, John Doe (once identified), and Warden Willis (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Santamaria. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Santamaria, the

employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.** Because Warden Willis is only in the case for purposes of identifying the John Doe Defendant, he need not file a responsive pleading.

The parties will be provided with further instructions regarding limited discovery related to identifying the John Doe Defendant at a later date.

Finally, Santamaria is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   May 19, 2022**

 *s/ Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.