IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| EVARISTO SANTAMARIA,<br><br>              Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC., *et al.*,<br><br>              Defendants. | Case No. 21-cv-01539-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a motion to dismiss filed by Defendant Wexford Health Sources, Inc. ("Wexford"), a motion for recruitment of counsel filed by Plaintiff Evaristo Santamaria, and a motion for leave to proceed *in forma pauperis* also filed by Plaintiff. (Doc. 19, 26, 27).

### BACKGROUND

Plaintiff, who is an inmate of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center. In the Complaint, Plaintiff alleges that on July 30, 2020, his bunk bed collapsed while he was on the top bunk and his cellmate was laying in the bottom bunk. (Doc. 1, p. 4). When the bunk broke, Plaintiff states he was ejected to the concrete floor. He sustained injuries to his right knee and shoulder. Specifically, against Defendant Wexford, Plaintiff claims that Wexford deliberately understaffs the healthcare unit which caused him to be denied access to adequate medical care and treatment for his injuries. (*Id.* at p. 5). Plaintiff also asserts that medical providers only prescribe over the counter medication to treat pain pursuant to a Wexford policy,

even when the medicine is not helping with pain management. (*Id.*).

The Court conducted a review of the Complaint pursuant to Section 1915A and allowed Plaintiff to proceed on an Eighth Amendment claim against Wexford for maintaining a policy of understaffing the healthcare unit, which resulted in the denial of treatment for his injuries (Count 3). (Doc. 7, p. 4). The Court dismissed his claim regarding Wexford's pain medication policy, as Plaintiff did not include any factual allegations regarding how the policy resulted in constitutionally inadequate care being provided to him. (*Id.*).[1]

Wexford moves to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff has failed to plead facts that give fair notice of his claim and that cause the allegations to rise above a speculative level. (Doc. 19). Plaintiff did not file a response in opposition but filed a motion for recruitment of counsel and a motion to proceed *in forma pauperis* ("IFP"). (Doc. 26, 27).

## MOTION TO DISMISS

The purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is to decide the adequacy of the complaint. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly,* 550

---

[1] Because the Court has already dismissed the claim regarding the pain medication policy, the Court will not address Wexford's arguments pertaining to this policy put forth in the motion to dismiss. (*See* Doc. 7, p. 4).

U.S. at 555. *See also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.,* 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). When a Rule 12(b)(6) motion to dismiss, courts are to construe "the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

To state a viable deliberate indifference claim, a prisoner must allege "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). A private corporation may only be held liable under Section 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio,* 792 F.3d 768, 780 (7th Cir. 2015). Thus, to state a Section 1983 claim against a private corporation, a plaintiff must sufficiently plead that that the violation was caused by (1) an express corporate policy; (2) a widespread and persistent practice that amounted to a custom approaching the force of law; or (3) an official with final policymaking authority. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91, 98 (1978).

The Court finds that Plaintiff has given Wexford fair notice of a plausible claim regarding the policy of understaffing. The Court first notes that this case is different from the cases cited to by Wexford in support of the motion to dismiss. In *Peacock v. Rigsby,* the district court found that the plaintiff's allegations of cost-cutting policy were "too speculative and untethered to his injury to support his claim." No. 15 C 1884, 2016 WL 13383232, at *3 (N.D. Ill. Apr. 7, 2016). The court noted that the plaintiff alleged that "a failure to change his bandages frequently enough or give him a sufficient" antibiotics caused an infection, and there were no allegations linking a cost-cutting policy to the infection. Similarly in *Taylor v. Wexford Health Sources, Inc.,* the district

court observed that the plaintiff did not connect his injury to specific policies but provided a "laundry list of ten alleged policies maintained by Wexford." No. 15 C 5190, 2016 WL 3227310, at *4 (N.D. Ill. June 13, 2016).

Here, Plaintiff alleges that he has requested medical help for injuries he describes as "shock, right knee shooting pain through his entire right leg and his shoulder rotator cuff." (Doc. 1, p. 5). He states he "continued to request medical help" but "these defendants deliberately denied [him] medical care." (*Id.*). He goes on to explain that Wexford has a policy of understaffing the medical unit and as a result there has been a break down in services, which have "played a great part of how and why [he] was denied access to adequate medical care and treatment." (*Id.*). Plaintiff points out that in the class action lawsuit *Lippert v. Baldwin* Wexford was ordered to hire more staff, therefore Wexford was aware of the inadequate care caused by understaffing, but they have not hired more staff. As a result, Plaintiff has been denied access to medical care and endured pain.

These assertions are more than "threadbare recitals of the elements of a cause of action." (Doc. 19, p. 8) (citing *Myrick v. Anglin,* 496 F. App'x 670, 675 (7th Cir. 2012)). Plaintiff has sufficiently connected his injury, lack of medical care, to a specific Wexford policy, understaffing. *See Steele v. Wexford Health Sources, Inc.,* No. 17 C 6630, 2018 WL 2388429, at *7 (N.D. Ill. May 25, 2018). It is plausible that Plaintiff and other inmates have either been denied medical treatment or their care has been delayed because there was not enough staff at Menard to treat the medical needs of the inmates.

The Court agrees that Plaintiff cannot hold Wexford liable solely as a supervisor of its employees. To the extent Plaintiff is attempting to assert *respondeat superior* liability pursuant to Section 1983, such claim is dismissed. Wexford also argues that Plaintiff has not stated a claim regarding the allegation that the Wexford manual does not permit nurses to make an assessment

as to medical care. (*See* Doc. 1, p. 5). In the Merit Review Order, the Court did not establish this assertion as a separate count, as the allegation appeared to be supporting the claim that there is an inadequate number of medical staff who are able to treat inmates. But to the extent Plaintiff intended to bring a separate claim against Wexford for the policy of not allowing nurses to make assessments as to medical care, the Court agrees such claim is dismissed, as Plaintiff does not specify how this prohibition in the manual resulted in his unconstitutional care.

Accordingly, the motion to dismiss is granted in part and denied in part. Count 3 will proceed against Wexford to the extent Plaintiff is claiming that a policy of understaffing the healthcare unit resulted in the delay and denial of treatment for his injuries.

### MOTION FOR RECRUITMENT OF COUNSEL

Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote,* 503 F.3d 647, 654 (7th Cir. 2007).

Although Plaintiff is not proceeding *in forma pauperis* and has paid the full filing fee, the Court still finds him indigent and unable to afford counsel for the purposes of Section 1915(e)(1). Along with his motion for counsel, he has submitted a motion to proceed IFP, and the Court assumes that his motion was filed to demonstrate indigency for the purpose of Section 1915(e)(1). (Doc. 27). As he has already paid the full filing fee the motion to proceed IFP is denied. However, the Court finds that his motion demonstrates that he indigent and financially qualifies for court requested counsel. According to his financial statements, as of July 14, 2022, he had $642.93 in his trust fund account. This sum is simply not sufficient to pay an attorney's hourly rate to litigate a case from start to finish.

Plaintiff has also made reasonable efforts to locate counsel on his own prior to seeking assistance from the Court, as he discloses three unsuccessful efforts to contact attorneys. As to the next question, the Court finds that circumstances in this case warrant recruitment of counsel. Santamaria claims he does not speak or write English and only has an eighth-grade education. Until this point, he has received the assistance of other inmates, but it is apparent from his filings that, even with the aid of others, Santamaria has trouble communicating his claims, and he failed to respond to the motion to dismiss. *See Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014). Going forward, Plaintiff will have difficulty litigating this case. As such the Court will recruit counsel to represent Plaintiff in this matter, and his motion is granted. (Doc. 26).

In accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(i) and 83.9(b), attorney Mark Brown of Husch Blackwell LLP, located at 190 Carondelet Plaza, Suite 600, St. Louis, MO, 63105, is **ASSIGNED** to represent Plaintiff Evaristo Santamaria in this civil rights case. On or before **February 23, 2023** (14 days), assigned counsel shall enter his appearance in this case. Attorney Brown is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet, the Complaint (Doc. 1), and the Merit Review Order (Doc. 7) to attorney Lane. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

On or before **April 8, 2023**, Plaintiff, by and through counsel, shall file an amended complaint. The amended complaint will then undergo preliminary review. If an amended pleading is not filed, the case shall proceed on the present complaint.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding pro bono case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of pro bono counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner pro bono on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr.

Mills as needed.

As of this date, Plaintiff's contact information is:

Evaristo Santamaria #Y35813
Menard Correctional Center
711 Kaskaskia Street
PO BOX 1000
Menard, IL 62259

### DISPOSITION

For the reasons stated above, the Motion to Dismiss filed by Defendant Wexford Health Sources, Inc. is **GRANTED in part and DENIED in part.** (Doc. 19). Count 3 will proceed against Wexford to the extent Plaintiff is claiming that a policy of understaffing the healthcare unit resulted in the delay and denial of treatment for his injuries. (*See* Doc. 7, p. 4).

The Motion for Recruitment of Counsel filed by Plaintiff Santamaria is **GRANTED.** (Doc. 26). The Motion for Leave to Proceed IFP filed by Plaintiff Santamaria is **DENIED.** (Doc. 27).

**IT IS SO ORDERED.**

DATED:   February 8, 2023

   *s/Stephen P. McGlynn*   
**STEPHEN P. MCGLYNN**
**United States District Judge**
